ORIGINAL

GBK

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 0 2012        10:34
                      am

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

WAYNE H. NORMAN,

Plaintiff,

v.

ENHANCED RECOVERY,

Defendant.

Civil Action No:_____

**412  CV-501-A**

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, ENHANCED RECOVERY, and Plaintiff states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*, and the Fair Debt Collection Practices Act ( hereinafter, "FDCPA"), 15 U.S.C. section 1692 *et seq*, .which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, and TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

1

3.  Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4.  WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Tarrant, Texas.

5.  At all relevant times, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. section 1692a(3).

6.  ENHANCED RECOVERY, (hereinafter, "ER") is a business entity engaged in the collection of debt within the State of Texas.  Defendant is located at 8014 Bayberry Road, Jacksonville, FL 32256, whose primary business is debt collection from consumers.

7.  At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. section 1692a(6).

## ALLEGATIONS OF FACT

8.  Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

9.  Plaintiff has documented at least 7 phone calls from the Defendant throughout the months of April and May of 2012.

10. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

11. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

12. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

13. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

14. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

15. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

16. Plaintiff answered the initial phone call on or about April 17th, 2012. The representative from ("ER") inquired about an outstanding debt that neither belongs to, nor is owed by Plaintiff. Plaintiff informed the representative that he had the wrong person, and number and please stop calling. The representative asked Plaintiff how long he had had the number in question. Plaintiff responded by telling the representative that is was none of his

business how long he'd had the number, but it isn't the number of "John Ward."

17. Defendant hung up the phone in aggravation.

18. Defendant continued to call Plaintiffs cellular phone on April 24th 2012, April 30th, 2012, May 7th, 2012, and May 14th, 2012. Each time the Defendant left an automated prerecorded message stating, "This message is for John Ward, if you are not this person please delete this message and it is not for you, this is Bob with Enhanced Recovery Company, we are a collection agency attempting to collect a debt and any information will be used for that purpose, please contact me about this business matter at 800-496-8916, or visit www.kerc.com and provide the following reference number: 61743741."

19. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on April 24th, 2012.

22. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

23. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

24. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

25. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT I

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT II

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on April 30th, 2012.

31. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

32. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

33. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

34. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT II

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT III

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 7th, 2012. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

40. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies

as a predictive dialer because it is equipment, combining software and
hardware aspects, that has the capacity to store or produce numbers and dial
those numbers at random, in sequential order, or from a database of
numbers.

41. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages
in the form of continued unsolicited calls on his cellular phone, under
section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00
in damages for each violation of such Act.

42. Should the Court determine that Defendant's misconduct was willful and
knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount
of statutory damages recoverable by Plaintiff.

## COUNT III
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

43. The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.  Defendant's aforementioned
conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision
specifically forbids a collector from "causing a telephone to ring or engaging
any person in telephone conversation repeatedly or continuously with intent
to annoy, abuse, or harass any person at the called number."

44. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT IV

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 14th, 2012.

47. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.  Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

48. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under

section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

49. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT IV

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

52. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory numbers.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne H. Norman, prays the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

b) Statutory damages pursuant to 15 U.S.C. section 1689k;

c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA, and FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

1001 Brook Hollow

Euless, Texas 76039

whnorman@hotmail.com

(682) 241-8688

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WAYNE H. NORMAN

**DEFENDANTS**

ENHANCED RECOVERY, INC.

**(b)** County of Residence of First Listed Plaintiff   TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DUVALL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227 ET SEQ, 15 USC 1692 ET SEQ

Brief description of cause:
UNAUTHORIZED PHONE CALLS TO CELLULAR PHONE

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____